UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL RICHMOND WALKER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-97 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Samuel Richmond Walker's Petition for Writ of Habeas Corpus, and Respondent William Stephens' Motion to Dismiss. Having carefully considered the Petition, the Motion, and the arguments and authorities submitted by the parties, the Court is of the opinion that Respondent's Motion to Dismiss should be GRANTED, and Walker's Petition for Writ of Habeas Corpus should be DENIED.

I. **Background**

The background facts are not in dispute. Walker was convicted of aggravated robbery. Matilde Delgado was robbed at gunpoint in a Walmart parking lot. Delgado's three young sons were with her. Delgado gave the robber her purse. The robber jumped into the passenger seat of a waiting car. A woman was in the driver's seat.

Two days later, a Houston Police Department officer received a dispatch regarding two women in need of attention. One of the women, Deidre (Davis) Dangerfield, was highly intoxicated. The officer arrested Dangerfield for public intoxication. While searching Dangerfield's purse, the officer found a gun and some of Delgado's stolen property. Dangerfield told the detective investigating the Delgado robbery that "Low Down" and

"Pocohontas" gave her the purse. Police determined that "Low Down" was Walker's alias. Police included a photo of Walker from their database in a photo array. Delgado was unable to identify Walker, but her son Erik identified Walker as the robber. At trial, the defense brought out some inconsistencies between Erik's identification and his earlier description of the robber.

Walker was convicted of aggravated robbery and sentenced to 45 years imprisonment. The 14th Court of Appeals reversed his conviction and remanded the case to the trial court. *Walker v. State*, 180 S.W.3d 829 (Tex. App. – Houston [14th Dist.] 2005).

Walker was again convicted and again sentenced to 45 years imprisonment in his retrial. The 14th Court of Appeals affirmed the conviction and sentence. *Walker v. State*, No. 14-07-00461, 2008 WL 1991774 (Tex. App. – Houston [14th Dist.] May 8, 2008). The Texas Court of Criminal Appeals ("TCCA") refused Walker's petition for discretionary review on November 19, 2008. *In re Walker*, PD-0650-08 (Tex. Crim. App. Nov. 19, 2008).

Walker filed an application for a state writ of habeas corpus on July 7, 2009. SH at 18.[1] The TCCA dismissed the application as "NONCOMPLIANT WITH TEX. R. APP. P. 73.1" on July 28, 2010. *Id.* at Action Taken page.

Walker filed a federal petition for a writ of habeas corpus on January 19, 2011. *Walker v. Thaler*, No. 4:11cv349 (S.D. Tex.), at Docket Entry 1. That petition was dismissed without prejudice eight days later, on January 27, 2011, for failure to exhaust state remedies. *Id.* at Docket Entry 4.

---

[1] "SH" refers to the transcript of Walker's state habeas corpus proceedings.

Walker filed a second state application for a writ of habeas corpus on July 25, 2011. SH-04 at 12. The application was denied without written order on March 12, 2014. *Ex Parte Walker*, 425 S.W.3d 267 (Tex. Crim. App. 2014). Walker filed this federal petition on December 8, 2014. Respondent now moves to dismiss the petition as barred by the statute of limitations.

II.    <u>Analysis</u>

The Antiterrorism and Effective Death Penalty Act ("AEDPA") took effect on April 24, 1996. Under AEDPA, a State prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002).

The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of *certiorari* with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Thus, Walker's conviction became final on February 17, 2009, when the time expired for Walker to seek *certiorari* on the TCCA's denial of his petition for discretionary review. Absent tolling, the statute of limitations expired on February 17, 2010.

A.    <u>Statutory Tolling</u>

28 U.S.C. § 2244(d)(2) provides that the statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . .." Walker filed his first state

habeas corpus application on July 7, 2009. This application, however, was dismissed as "NONCOMPLIANT WITH TEX. R. APP. 73.1."[2] Because the application did not comply with the Texas procedural rule, the application was not "properly filed," and did not toll the statute of limitations. *See, e.g., Artuz v. Bennett*, 531 U.S. 4,8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable law and rules governing filings"); *Wickware v. Thaler*, 404 Fed. App'x 856 (5th Cir. 2010) (an application dismissed pursuant to TEX. R. APP. 73.1 not "properly filed" within the meaning of § 2244(d)(2)). Because Walker's first state habeas application was not properly filed, the statute of limitations was not tolled during the time that application was pending. Therefore, nothing tolled the statute of limitations between February 17, 2009, and the date on which Walker filed his first federal petition, January 19, 2011. The latter date was more than 11 months after the one year limitations period expired.

### B. **Equitable Tolling**

The AEDPA statute of limitations is not jurisdictional, and is subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting his rights. "But, a garden variety claim of excusable neglect by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted). Moreover, the Fifth Circuit has held that equitable tolling is not warranted on the basis of a petitioner's *pro se* status. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th

---

[2] Rule 73.1 specifies the required form and contents of a habeas corpus application.

Cir.); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing an abuse of the writ).

Walker contends that he did not receive timely notice of the TCCA's denial of his PDR because the Texas Department of Criminal Justice failed to properly forward his mail. He contends that, though the TCCA refused the PDR on November 19, 2008, he did not learn of the decision until April 14, 2009. He similarly contends that he did not learn of the dismissal of his first state habeas application until December 21, 2010, almost five months after the July 28 dismissal. Walker argues that the statute of limitations should be equitably tolled during the time he was not properly notified of the TCCA's decisions, and during the time his first state application was pending. Even if this Court were to determine that Walker is entitled to equitable tolling, however, his petition is still untimely.

Walker has no valid argument for equitable tolling during the pendency of his first state application. As noted above, the Supreme Court and the Fifth Circuit have both held that a state habeas corpus application that is dismissed for failure to comply with state procedural rules is not "properly filed" within the meaning of the federal habeas corpus statute, and does not toll the statute of limitations.

According to Walker's own time line, he received notice that the TCCA denied his PDR on April 14, 2009. If this Court deems the limitations period equitably tolled until that date, Walker's limitations period expired on April 14, 2010.

Walker filed his state habeas corpus application on July 7, 2009. It was dismissed on July 28, 2010. At that point, more than one year elapsed since the date Walker learned of the denial of his PDR. Because the state application did not toll the statute of limitations, the

limitations period expired before that application was dismissed, and more than nine months before Walker filed his first federal habeas corpus petition.[3]

## C. Actual Innocence

Walker also argues that he is actually innocent of the crime for which he was convicted. He contends that this grants him an exception to the statute of limitations under the Supreme Court's decision in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013).

The habeas petitioner in *Perkins*, unlike Walker, presented newly discovered evidence of actual innocence, including an affidavit asserting that another man confessed to the crime. *Id.* at 1929. Walker's actual innocence argument consists of re-urging a Sixth Amendment confrontation clause claim that the trial court improperly admitted Deidre Dangerfield's statement that she received the stolen items found in her purse from "Low Down," *i.e.*, Walker, and attacking the credibility of an eyewitness identification. Walker also claims that a surveillance video would show that he did not commit the crime.

To show actual innocence,

> [T]he prisoner must 'show a fair probability that, in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial, the trier of the facts would have entertained a reasonable doubt of his guilt.

*Kuhlmann v. Wilson*, 477 U.S. 436, 455 n.17 (1986). More succinctly, the petitioner must show that "it is more likely than not that no reasonable juror would have found petitioner

---

[3]     Walker argues that his current petition should relate back to his first federal petition. Because the first petition was itself untimely, it is not necessary to determine whether the current petition relates back.

guilty beyond a reasonable doubt" in light of the evidence now presented. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Walker argues that, without the allegedly improperly admitted hearsay statement, the eyewitness identification would have been less credible. As the quote from *Kuhlmann* makes clear, this Court may not simply disregard the hearsay statement. Rather, the Court must determine whether Walker makes "a convincing showing of actual innocence," *Perkins*, 133 S.Ct. at 1928, in light of all the evidence.

Walker argues that Erik Delgado's identification was not credible, and would not have been believed if not for the erroneously admitted statement by Dangerfield that she received the stolen items from Walker. Walker, in essence, asks this Court to conclude that Erik was not credible. This Court may not do so. "It is well-settled that credibility determinations are the sole province of the jury." *United States v. Cathey*, 259 F.3d 365, 368 (5th Cir. 2001).

Walker further contends that a surveillance video shows that he was not the robber. The video, however, was presented at Walker's trial. *See* 3 Tr. at 99-101.[4] The jury, clearly, did not agree with Walker's characterization of what the video shows.

Because Walker's actual innocence argument comes down to an attack of the credibility of a witness and the jury's perception of the surveillance video, he fails to make a convincing showing that he is actually innocent. He therefore fails to show an applicable exception to the statute of limitations.

---

[4] "Tr." refers to the transcript of Walker's trial.

## III     Conclusion

For the foregoing reasons, respondent's motion to dismiss is granted and Walker's petition for a writ of habeas corpus is dismissed with prejudice.

## IV.     Certificate of Appealability

Walker has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing ruling. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

The Supreme Court has stated that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered Walker's petition. The Court finds that jurists of reason would not find it debatable that the petition is

foreclosed by the statute of limitations. This Court therefore concludes that Walker is not entitled to a certificate of appealability.

## V.     Order

For the foregoing reasons, it is ORDERED as follows:

A.   Respondent William Stephens' Motion to Dismiss (Dkt. No. 17) is GRANTED;

B.   Petitioner Samuel Richmond Walker's Petition for Writ of Habeas Corpus (Dkt. No. 1) is DISMISSED AS TIME-BARRED; and

C.   No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 18th day of March, 2016.

_____
Kenneth M. Hoyt
United States District Judge